**COX LAW FIRM LLC**
William H. Cox, Esq.
Peter J. Vranum, Esq.
43 West 43rd Street, Suite 137
New York, NY 10036-7424
Tel. No.: (973) 973-1797
WCox@lawcox.com
PVranum@lawcox.com

**LAW OFFICES OF H.W. BURNS**
Howard W. Burns, Jr., Esq.
Carnegie Hall Towers – 37th Floor
(Baritz & Colman)
152 West 57th Street
New York, New York 10019
Tel. No.: (917) 885-5671
Howard@HWBurnsLaw.com

**Attorneys for Plaintiff COOGI Partners, LLC**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x

| | | |
|---|---|---|
| COOGI PARTNERS, LLC, | : | |
| | : | Case No. 1:25cv03837 – KPF |
| Plaintiff, | : | |
| | : | |
| -against- | : | **ECF CASE** |
| | : | **Electronically Filed** |
| PHARRELL WILLIAMS, | : | |
| LOUIS VUITTON MALLETIER., | : | <u>VERIFIED FIRST AMENDED COMPLAINT</u> |
| LOUIS VUITTON USA INC., | : | |
| | : | |
| | : | |
| Defendants. | : | |

-------------------------------------------------------x

    Plaintiff COOGI Partners, LLC ("COOGI"), by its undersigned attorneys, as and for its

Verified First Amended Complaint against Defendants, alleges the following upon knowledge as

to itself and its own acts, and upon information and belief as to all other matters. COOGI

believes that its information and belief allegations are likely to have additional evidentiary

support after a reasonable opportunity for further investigation and discovery.

## NATURE OF THE ACTION

1.    This is an action for copyright infringement, trade dress infringement, false designation of origin, false endorsement, trademark dilution and trademark infringement and unfair competition in violation of the laws of the United States and the State of New York. COOGI seeks an injunction, damages and related relief.

2.    COOGI is the manufacturer and seller of a line of clothing, which includes sweaters and other apparel having a distinctive multicolored pattern which is protected by registered copyrights and which also constitutes trade dress.

3.    This action is directed against the unauthorized and wrongful design, manufacture, promotion, distribution, use and sale by Defendants of a particular design used in sweaters, vests and polo shirts (the "Offending Goods") bearing a design pattern that has been described by various unaffiliated, third-party publications and commentators as "Coogi-flavored sweaters," "COOGI-inspired," "COOGI esque," "Coogi-like sweaters evoking playful luxury," "kooky Coogi-looking sweaters," "LV-FW 25 knit sweater that brings COOGI vibes" and "Coogi-style knits based on pieces from Nigo's museum-quality personal clothing archive"  and which infringes Plaintiff's copyrighted designs and trade dress.

## JURISDICTION AND VENUE

4.    The Court has jurisdiction over this matter pursuant to 15 U.S.C. §1121, 17 U.S.C. §501 and 28 U.S.C. §1331, 1338 and 1367.  COOGI's claims are predicated upon the Copyright Act of 1976, as amended, 17 U.S.C. §101, et seq., the Lanham Trademark Act of 1946, as amended, 15 U.S.C. §1051, et seq. (the "Lanham Act"), and the statutory and common law of the State of New York.

5.    The venue of this Court is founded upon 28 U.S.C. §1391(b).  Upon information and belief, the Defendants either reside in the Southern District of New York or are subject to the Court's personal jurisdiction, and a substantial part of the events giving rise to the claim

occurred in the Southern District of New York.

THE PARTIES

6.      COOGI is a New York limited liability company with its registered office at 112 Windsor Gate, Lake Success, New York 11020.  COOGI is the owner of the copyrights and trade dress at issue in this action.

7.      Upon information and belief, Pharrell Williams is an individual residing in the State of Florida with an address at 700 Casuarina Concourse, Miami, FL 33143 and is the Men's Creative Director of one or both of the "LV Defendants" (as hereinafter defined).

8.      Upon information and belief, Louis Vuitton Malletier ("LVM") is a foreign business entity duly organized and existing under the laws of the Republic of France, with its principal office at 2, rue du Pont-Neuf, Paris, France 75034.

9.      Upon information and belief, Louis Vuitton USA Inc. ("LVUSA") is a corporation duly organized and existing under the laws of the State of Delaware, with its principal office at 1 East 57th Street, 10th Floor, New York, NY 10022 (LVM and LVUSA are hereinafter referred to collectively as the "LV Defendants").

10.     Upon information and belief, each of the Defendants (a) is doing business in the State of New York;  (b) has transacted business within the State of New York and this judicial district;  (c) has committed tortious acts within the State of New York by designing, manufacturing, offering for sale and/or selling infringing goods and/or services within the State of New York and this judicial district, including the goods and/or services complained of herein; and/or (d) has committed tortious acts outside the State of New York causing injury to property within the State and (i) regularly does or solicits business and/or derives substantial revenue from goods used or consumed within the State or (ii) expected or should have reasonably expected its acts to have consequences within the State and derives substantial income from interstate commerce.

3

<u>THE COOGI COPYRIGHT - BACKGROUND</u>

11.    COOGI is engaged in the manufacture, distribution and sale in interstate commerce of high quality merchandise, including men's, women's and children's sweaters and apparel that are sold throughout the United States in high quality retail stores and in the online retail store at www.coogi.com.

12.    COOGI sweaters and apparel are based on highly distinctive designs, which are protected by various copyrights.

13.    This action relates to the COOGI sweater design titled "RAG & BONE."

14.    The RAG & BONE design is registered with the U.S. Copyright Office under Registration Number VAu2-440-822 dated April 8, 2025 (the "COOGI Copyright").  Photos of Rag & Bone sweaters and a Rag & Bone dress and a copy of the copyright information and the design of the RAG & BONE design are attached hereto as Exhibit A.  Side by side photos of the COOGI Rag & Bone Sweater and Defendants' infringing crewneck sweater which is one of the Offending Goods are set forth below.  Additional side by side photos of the Rag & Bone sweater and the Offending Goods and excerpts from the Louis Vuitton online store are set forth are attached                    hereto                    as                    Exhibit                    B.

4

COOGI Sweater                                    Defendants' Offending Goods




15.     The COOGI Copyright registration is valid, subsisting and in full force and effect.

16.     The COOGI Rag & Bone Sweater and the Offending Goods each reflect certain decorative techniques that make the Offending Goods substantially similar to the COOGI Rag & Bone Sweater.

17.     These decorative techniques are shown and identified in the side by side comparison of the pink, white and black Offending Goods and the COOGI Rag & Bone Sweater set forth below and in Exhibit B.  They include the thick tubular welt to separate various sections of each sweater, the checker rope tubular welt, the eye technique, the lip technique, the flecharge technique (knitting technique to create three dimensional shapes) and the branding technique (illustrated by including a brand name within an oval shape formed by the intersection of two discs (Vesica Piscis)) on each of the Offending Goods.

18.     While the Defendants have rearranged these techniques on the Offending Goods and have moved the variegated welts towards the side of the garment, the overall design of the

5

Offending Goods remains substantially similar to the COOGI Rag & Bone Sweater.

**COOGI Sweater**                    **Defendants' Offending Goods**




THE COOGI TRADE DRESS - BACKGROUND

19.     While other colorful and ornamental sweaters have and continue to exist in the relevant marketplace, the highly distinctive and ornamental designs of COOGI sweaters and apparel have become exceedingly famous and have achieved secondary meaning as a result of extensive sales and promotion since at least 1987, a period of more than 35 years, and as a result of being worn by celebrities, being publicized in various third-party publications, being used by artists in artwork they have created, and being referred to in various musical recordings. As such consumers perceive the COOGI Trade Dress as identifying the source of Plaintiff's goods to which the COOGI Trade Dress is applied.

20.     The trade dress of COOGI sweaters consists of (i) a central section that covers the torso and contains highly colorful individual vertical cables and ornamented sections consisting of multiple colors and intricate designs; (ii) sleeves showing horizontally the same colors and intricate designs; and (iii) a raised knit that appears three dimensional (the "COOGI Trade Dress").

21.     The COOGI Trade Dress has been variously described as "confetti colored," "colorful asymmetrically designed," "distinctive curvey patterns," and "eye blinding designs."

22.     Examples of the COOGI Trade Dress are attached hereto as Exhibit C. Additional examples of the COOGI Trade Dress are in Exhibits D and E hereto.

23.     The RAG & BONE design is a typical example of the COOGI Trade Dress, except that it is in black and white rather than other colors.

24.     One of the most famous celebrities to wear COOGI sweaters and to refer to them in his music was the leading rapper Christopher George Latore Wallace, better known by his stage names "The Notorious B.I.G.," "Biggie" or "Biggie Smalls" (hereinafter referred to as "Biggie"). Biggie was photographed numerous times wearing COOGI sweaters. Copies of five such photographs are attached hereto as Exhibit D. The most famous of these photographs is

7

probably the first shown in Exhibit D, which features Biggie wearing a COOGI sweater and sunglasses and counting a wad of cash.

25.     Photographs of other celebrities wearing COOGI sweaters or other COOGI apparel, including, but not limited to, (a) well known fighters, Conor McGregor and Floyd Mayweather, (b) rappers Jadakiss, Snoop Dogg, Rick Ross, Tone Trump and EST GEE (c) actors Hillary Duff and Joseph Sikora and (d) former basketball player Lamar Odom, are attached hereto as Exhibit E.  The photos in Exhibits D and E evidence the broad recognition of the COOGI Trade Dress.

26.     In addition to wearing COOGI sweaters, Biggie mentioned them in his songs. For example, the lyrics of his song "One More Chance/Stay With Me (Remix)" include "Heart throb never, black and ugly as ever, however, I stay Coogi down to the socks, rings and watch filled with rocks."  His 1994 song "Big Poppa" contained the following:  "I had to find the buried treasure, so grams I had to measure. However, living better now, Coogi sweater now." In his 1996 song "Hypnotize," Biggie mentions COOGI in the following line: "Every cutie wit a booty bought a Coogi."

27.     The connection between Biggie and COOGI has been written about in any number of publications, the most famous of which is probably VIBE magazine's March 10, 2013 story entitled "A History of the Notorious BIG & COOGI."  (See Exhibit F attached.)

28.     Kanye West also mentions COOGI in two of his songs: (a) the 2005 song "Gone" which includes the line "You sweat her and I ain't talkin 'bout a Coogi," and (b) the 2017 song "Feel Me" which includes the line "Coogi, Coogi, Coogi, Coogi on, Feels like I'm in the movie holmes, Texted my consigliere, Tell the maid leave the jacuzzi on."

29. A$AP Ferg also mentions COOGI in one of his songs entitled "Work (Remix)" in which he raps: "Coogi down to the socks, like I'm Biggie Poppa", in which he is clearly referring to Biggie as being known for wearing COOGI sweaters.

30.    In 2014, the Christian hip-hop duo Social Club released the song "Coogi Sweater" in their album Misfits 2 and in 2010 rapper OJ Da Juiceman released the song "COOGI," which refers to the COOGI brand throughout the entire song.

31.    The COOGI Trade Dress is so distinctive and well known as emanating from COOGI that it has even been used by two separate visual artists, Jayson Musson and Amir H. Fallah in various works of art created by them and COOGI designs in general have even been the subject of an exhibit at the Cooper Hewitt, Smithsonian Design Museum. (See Exhibit G attached.)

32.    Since 1987, COOGI sweaters have been widely advertised, offered for sale and sold throughout the United States and COOGI has filed numerous copyright applications for designs, many of which incorporate the COOGI Trade Dress. During the years 2006 through 2011 sales of COOGI sweaters were approximately five (5) to six (6) million dollars per year. Total sales of all COOGI merchandise (including sweaters) during the period 2006 through 2011 were in the range of 40 to 80 million dollars per year. There were also additional sales by licensees of the COOGI brand for clothing for ladies, clothing for boys, shoes and bags. During the years 2006 through 2011, COOGI expended approximately one million dollars ($1,000,000) per year on promotion and marketing, including GOOGLE and META web sites, public relations, giveaways, trade shows and other promotions.

33.    Since 2012, sales of COOGI sweaters have been at least one million dollars ($1,000,000) per year. Actual sales figures will be disclosed once an appropriate protective order is in place. There were also additional sales of the COOGI brand for other items of clothing, shoes, bags, jewelry and pillows. Since 2012, COOGI advertising is primarily on its own web site, Coogi.com, the web site at puma.com for the COOGI/PUMA collaboration, the web site at Supreme.com for the COOGI/Supreme collaboration and various other retail web sites.

34.     In addition, the secondary meaning of the COOGI Trade Dress has been enhanced by publicity and unsolicited media and social media coverage in numerous third-party publications, a sampling of which is attached hereto as Exhibit H, as well as in Exhibits F and K. Most recently, a COOGI sweater was described as a scene stealer in the 2025 movie "Sinners" (see Exhibit H).

35.     There have been numerous attempts to plagiarize the COOGI Trade Dress, some of which even describe the plagiarized goods as "COOGI" and some of which make the connection to COOGI by connecting the design to Biggie by using another of his nicknames "Notorious."   A sampling of such attempted plagiarism is attached hereto as Exhibit I.

36.     As a result of COOGI's exclusive and extensive use of its designs and the COOGI Trade Dress, those designs and the COOGI Trade Dress have acquired enormous value and recognition in the United States and throughout the world.

37.     The COOGI Trade Dress is distinctive and is well known to the consuming public and trade as identifying and distinguishing COOGI exclusively and uniquely as the source of origin of the high quality products.

38.     The COOGI Trade Dress is both distinctive and famous, has achieved secondary meaning and is recognized as emanating from COOGI alone.

39.     COOGI has used elements of its copyrighted designs and/or elements of the COOGI Trade Dress on other items of apparel.  For example, (a) in 2014 - 2015, the RAG & BONE design was sold in a sweater as a collaboration between COOGI and Rag & Bone, (b) in 2016 sneakers which included elements of the COOGI Trade Dress were marketed, sold and distributed as part of a collaboration between COOGI and Android Homme for price points between $550 and $590, (c) in 2017 and again in June 2018 various apparel items including jerseys, shorts, jackets, shoes and slides which included elements of the COOGI Trade Dress were marketed, sold and distributed as part of a collaboration between COOGI and Puma and

(d) in 2023 various apparel items were marketed, sold and distributed as part of a collaboration between COOGI and Supreme.  As described in paragraphs 16 through 18 above, the overall design of the Offending Goods is substantially similar to the COOGI RAG & BONE sweaters first sold in 2014, even to the point of Defendants copying of the concept of including "rag & bone" within ovals on the COOGI sweater by including at least one oval on Defendants' sweater with "VUITTON" within such oval.  Side by side examples of the COOGI RAG & BONE sweater and the Offending Goods after paragraphs 14 and 18 above and in Exhibit B.  Further examples of short sleeve and long sleeve versions of the Offending Goods are attached as Exhibit J.

<u>DEFENDANTS' WRONGFUL ACTS</u>

40.    Upon information and belief, during the Louis Vuitton Fall Winter fashion show in Paris, France on January 21, 2025 (the "FW Fashion Show"), Defendants acting individually or in concert introduced the Offending Goods as part of the Louis Vuitton Fall Winter Collection.

41.    Upon information and belief, the LV Defendants intended to, and did, create an association between the Offending Goods and the COOGI Trade Dress and/or the COOGI Copyright by describing the Offending Goods on the LV Defendants' web site as either "an homage to early 2000s street style" or as "inspired by early 2000s street style."

42.    Upon information and belief, the Defendants have engaged in a pattern of conduct intended to blur the line between the LV Defendants' luxury products and the streetwear products for which COOGI is famous.

43.    Through their use of the designs on the Offending Goods, which copied elements of the COOGI Trade Dress and the COOGI Copyright, the Defendants intended to, and did, create an association between the Offending Goods and Plaintiff and/or Plaintiff's products.

44.    Upon information and belief, Defendants and, particularly Defendant Pharrell Williams, acting in concert or individually and without the consent of COOGI, have either themselves designed or have caused to be designed a fabric or knit design pattern (the

11

"Infringing Design"), which pattern infringes on Plaintiff's rights under its Copyright and under the COOGI Trade Dress and they have incorporated such Infringing Design into the Offending Goods

45.    Immediately following the FW Fashion Show, numerous unaffiliated, third-party publications and commentators on social media have described the Offending Goods as "Coogi-flavored sweaters," "COOGI-inspired," "COOGI esque," "Coogi-like sweaters evoking playful luxury," "kooky Coogi-looking sweaters," "LV-FW 25 knit sweater that brings COOGI vibes" and "Coogi-style knits based on pieces from Nigo's museum-quality personal clothing archive" A sampling of such publications and social media posts is attached hereto as Exhibit K.

46.    By letters dated February 6, 2025, February 26, 2025 and March 4, 2025, counsel for COOGI notified in-house counsel for LVMH Moët Hennessy Louis Vuitton, Inc. (the parent holding company for LV Defendants) and in-house counsel for Louis Vuitton North America, Inc., respectively of the infringements of the COOGI Copyright and the COOGI Trade Dress, as herein alleged. On May 10, 2025, counsel for COOGI sent a follow-up letter to in-house counsel for Louis Vuitton North America, Inc., together with a courtesy copy of the original Complaint filed in this matter.  Neither Plaintiff nor its counsel received any substantive response from any of the LV Defendants prior to the LV Defendants retaining its current counsel in the latter part of June 2025.

47.    Upon information and belief, despite having received the aforementioned notices from Plaintiff, in July 2025 the LV Defendants began to offer the Offending Goods in the form of a pink and white sweater for sale and distribution throughout the United States and in August 2025 began to offer the Offending Goods in the forms of a black, brown and tan (i) crew neck sweater, (ii) vest and (iii) polo shirt for sale and distribution throughout the United States.

48.    Upon information and belief, such Offending Goods are directed and targeted

towards the same group of ultimate consumers as are COOGI's goods and are sold and distributed through the same channels of trade, including through online website stores.

49.    The aforementioned acts of Defendants are likely to cause confusion and mistake among consumers that (a) Defendants' Offending Goods originate with COOGI, (b) there is some affiliation, connection or association of Defendants with COOGI, and/or (c) said Offending Goods are being offered to consumers with the sponsorship and/or approval of COOGI.

50.    Upon information and belief, the aforementioned acts of Defendants are willful and intentional, in that Defendants either knew that said Offending Goods bore unauthorized reproductions, copies or colorable imitations of the COOGI Trade Dress, the COOGI Copyright or other COOGI designs, or willfully ignored such facts, and have been done in a deliberate effort to cause confusion and mistake among the consuming public as to the source, affiliation and/or sponsorship of said articles of apparel products and to gain for Defendants the benefit of the enormous goodwill associated with the COOGI Trade Dress.

51.    At no time has COOGI authorized the Defendants to use the COOGI Copyright or the COOGI Trade Dress or any part thereof.

FIRST CLAIM FOR RELIEF
(COPYRIGHT INFRINGEMENT)

52.    COOGI repeats and realleges Paragraphs 1 through 51 above with the same force and effect as though fully set forth herein, and further alleges:

53.    COOGI is informed and believes and thereon alleges that Defendants, and each of them, had access to the COOGI Copyright or other COOGI copyrighted designs, including, without limitation, through COOGI's web site and online store, through the apparel collection owned by Defendant Pharrell Williams' design collaborator Tomoaki Nagao p/k/a Nigo and/or through other authorized channels of trade.

54.     Without COOGI's authorization or permission, Defendant Pharrell Williams designed or caused to be designed the Offending Goods bearing the Infringing Design that has been copied from and is substantially similar to or a derivative of the design shown in the COOGI Copyright.

55.     Without COOGI's authorization or permission, the LV Defendants, and each of them, manufactured, caused to be manufactured, advertised, distributed, marketed and/or sold the Offending Goods bearing an Infringing Design which is identical to, or substantially similar to, the COOGI Copyright.

56.     Defendants, and each of them, deliberately and willfully infringed COOGI's copyrights by copying the COOGI Copyright design or other COOGI copyrighted designs and, in the case of the LV Defendants, promoting, selling and distributing the Offending Goods, without COOGI's authorization or consent.

57.     Due to Defendants' and each of their, acts of copyright infringement, COOGI has suffered actual, general and special damages in an amount to be established at trial.

58.      COOGI is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of COOGI's rights in the COOGI Copyright and/or other COOGI copyrighted designs in an amount to be established at trial.

59.     Defendants will continue to willfully infringe COOGI's rights in the COOGI Copyright and/or other COOGI copyrighted designs unless restrained by the Court. COOGI is entitled to injunctive relief prohibiting further infringement, pursuant to 17 U.S.C. § 502.

SECOND CLAIM FOR RELIEF
(TRADE DRESS INFRINGEMENT)

60.     COOGI repeats and realleges Paragraphs 1 through 59 above with the same force and effect as though fully set forth herein, and further alleges:

61.     The COOGI Trade Dress is distinctive and has achieved secondary meaning

14

such that it is recognized as emanating from a single source by virtue of:

(a)     advertising and marketing as outlined in paragraph 32 above;

(b)     unsolicited media and social media coverage of COOGI and its products as outlined in paragraph 33 above and Exhibits F, H and K;

(c)     unsolicited references in songs by Biggie and other rap and music artists, as outlined in paragraphs 26, 28, 29 and 30 above;

(d)     sales success as outlined in paragraph 32 above;

(e)     unsolicited use of COOGI designs in artwork by at least two artists as outlined in paragraph 31 above and Exhibit G;

(f)     attempts to plagiarize the COOGI Trade Dress as set forth in paragraph 34 above and Exhibit I; and

(g)     substantially exclusive use of the COOGI Trade Dress by COOGI and its predecessors for over thirty (30) years.

62.     The design shown on the Offending Goods is confusingly similar to portions of the COOGI Trade Dress because it is identical or virtually identical to portions of the COOGI Trade Dress and the COOGI Copyright or other COOGI designs.

63.     The COOGI Trade Dress is not functional because (a) there have been and continue to be numerous other brands of sweaters and clothing in the marketplace that incorporate bright colors and ornamental designs, (b) the COOGI Trade Dress design does not provide a cost or quality advantage in the market for sweaters and, actually results in increased costs to COOGI to create the COOGI Trade Dress, and (c) competitors' ability to compete is not significantly undermined by protecting the COOGI Trade Dress because other colorful and ornamental designs exist and are still used throughout the clothing industry.

64.     The aforementioned acts of Defendants constitute trade dress infringement in violation of 15 U.S.C. §1125(a), which covers infringement of trade dress which is not registered

under the Lanham Act.

65.    Said acts of Defendants have caused and will continue to cause irreparable injury to COOGI, unless enjoined by this Court.  COOGI has no wholly adequate remedy at law but is entitled to its actual damages and Defendants' profits in connection with Defendants' willful trade dress infringement.

THIRD CLAIM FOR RELIEF
(FALSE ENDORSEMENT)

66.    COOGI repeats and realleges Paragraphs 1 through 65 above with the same force and effect as though fully set forth herein, and further alleges:

67.    Defendants' unauthorized use of the COOGI Trade Dress is likely to cause and as hereinabove alleged, have actually caused confusion among consumers regarding COOGI's endorsement of LV Defendants' goods and is likely to cause consumers to believe, incorrectly, that COOGI has endorsed or authorized the Offending Goods.

68.    Accordingly, Defendants' actions give rise to a claim for false endorsement under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

69.    Said acts of Defendants have caused and will continue to cause irreparable injury to COOGI, unless enjoined by this Court.  COOGI has no adequate remedy at law but is entitled to its actual damages and LV Defendants' profits in connection with Defendants' willful violation of 15 U.S.C. § 1125(a).

FOURTH CLAIM FOR RELIEF
(TRADEMARK DILUTION)

70.    COOGI repeats and realleges Paragraphs 1 through 69 above with the same force and effect as though fully set forth herein, and further alleges:

71.    The COOGI Trade Dress, taken as a whole, is not functional, and, for the reasons set forth above, including COOGI's extensive and exclusive use of the COOGI Trade

16

Dress for more than 25 years, has become famous. Defendants are junior users of the Offending Goods design which they are using in commerce. Defendants' use of the Offending Goods design began after the COOGI Trade Dress had already become famous.

72.    Because of the intentional and obvious similarities between the Defendants' Offending Goods design and the COOGI Trade Dress, use of the Offending Goods design by the Defendants will be associated with and impair the distinctiveness of the COOGI Trade Dress. Such use is diluting and/or likely to dilute the COOGI Trade Dress. The aforementioned acts of Defendants constitute trademark dilution in violation of 15 U.S.C. §1125(c).

73.    Said acts of Defendants have caused and will continue to cause irreparable injury to COOGI, for which COOGI has no adequate remedy at law, but is entitled to its actual damages and costs and Defendants' profits in connection with Defendants' willful violation of 15 U.S.C. § 1125(c). Unless Defendants are enjoined by this Court from continuing to dilute the COOGI Trade Dress, COOGI will continue to suffer irreparable harm and impairment of the value of its trademark rights.

FIFTH CLAIM FOR RELIEF
(COMMON LAW TRADEMARK INFRINGEMENT
<u>AND UNFAIR COMPETITION)</u>

74.    COOGI repeats and realleges Paragraphs 1 through 73 above with the same force and effect as though fully set forth herein, and further alleges:

75.    The aforementioned acts of Defendants constitute trademark infringement and unfair competition in violation of the common law of the State of New York.

76.    Said acts of Defendants were undertaken in bad faith and have caused and will continue to cause irreparable injury to COOGI, unless enjoined by this Court. COOGI has no wholly adequate remedy at law but is entitled to its actual damages and Defendants' profits in connection with Defendants' willful trademark infringement and unfair competition.

17

## SIXTH CLAIM FOR RELIEF
### (N.Y. GENERAL BUSINESS LAW §360-L)

77.    COOGI repeats and realleges Paragraphs 1 through 76 above with the same force and effect as though fully set forth herein, and further alleges:

78.    The aforementioned acts of Defendants constitute injury to COOGI's business reputation, trade dress infringement and/or dilution of the distinctive quality of the COOGI Trade Dress in violation of New York General Business Law §360-L.

79.    Said acts of Defendants have caused and will continue to cause irreparable injury to COOGI, unless enjoined by this Court.  COOGI has no wholly adequate remedy at law but is entitled to its actual damages and Defendants' profits in connection with Defendants' willful injury to COOGI's business reputation, trade dress infringement and/or dilution of the distinctive quality of the COOGI Trade Dress.

WHEREFORE, COOGI demands judgment against Defendants as follows:

A.    Permanently enjoining and restraining Defendants, their respective subsidiaries, affiliates, divisions, officers, directors, principals, servants, employees, successors and assigns, and all those in active concert or participation with them from:

(i)    imitating, copying or making unauthorized use of the COOGI Copyright, any other COOGI copyrighted designs and any of the COOGI Trade Dress;

(ii)    manufacturing, importing, exporting, distributing, circulating, selling, offering for sale, advertising, promoting or displaying any product bearing any unauthorized reproduction, copy, counterfeit or colorable imitation of the COOGI Copyright, any other COOGI copyrighted designs or any of the COOGI Trade Dress;

(iii)    using any unauthorized reproduction, copy, counterfeit or colorable imitation of the COOGI Copyright, any other COOGI copyrighted designs or any of the COOGI Trade

18

Dress, in connection with the manufacture, promotion, advertisement, display, sale, offering for sale, production, import, export, circulation or distribution of any product in such manner as to relate or connect, or tend to relate or connect, such product in any way with COOGI or to any goods sold, sponsored, approved by, or connected with COOGI;

(iv)     using any unauthorized reproduction, copy, counterfeit or colorable imitation of the COOGI Copyright, any other COOGI copyrighted designs or any of the COOGI Trade Dress, in connection with the manufacture, promotion, advertisement, display, sale, offering for sale, production, import, export, circulation or distribution of any product which dilutes or is likely to dilute the distinctive quality of the COOGI Trade Dress;

(v)     engaging in any other activity constituting unfair competition with COOGI, or constituting an infringement of the COOGI Copyright, any other COOGI copyrighted designs or any of the COOGI Trade Dress, or of COOGI's rights in, or its right to use or exploit such copyright or trade dress, or constituting dilution of the COOGI Trade Dress, and the reputation and the goodwill associated with that trade dress;

(vi)     making any statement or representation whatsoever, with respect to the infringing goods in issue, that falsely designates the origin of the goods as those of COOGI, or that is false or misleading with respect to COOGI; and

(vii)     engaging in any other activity, including the effectuation of assignments or transfers of its interests in reproductions, copies, counterfeit or colorable imitations of the COOGI Copyright, any other COOGI copyrighted designs or any of the COOGI Trade Dress, the formation of other corporations, partnerships, associations or other entities or the utilization of any other devices, for the purpose of circumventing, evading, avoiding or otherwise violating the prohibitions set forth in subsections A(i) through A(vi) above.

B.     Directing that each of the Defendants deliver for destruction all products, artwork, prints and advertisements in its possession, custody or control bearing the Offending Goods

design or the COOGI Copyright, any other COOGI copyrighted designs or any other COOGI Trade Dress, and/or any reproductions, copies or colorable imitations thereof, including all plates and other means of making such imitations of the COOGI Copyright, any other COOGI copyrighted designs or any of the COOGI Trade Dress.

C.      Directing such other relief as the Court may deem appropriate to prevent the trade and public from deriving any erroneous impression that any product at issue in this case that has been offered for sale, sold or otherwise circulated or promoted by Defendants is authorized by COOGI or is related to or associated in any way with COOGI's products.

D.      Requiring each Defendant to account and pay over to COOGI all profits of such Defendant, plus any other monetary advantage of any nature gained by such Defendant through its infringement of COOGI's copyrights, the exact sum to be proven at the time of trial.

E.      Requiring each Defendant to account and pay over to COOGI all profits of such Defendant, plus any other monetary advantage of any nature gained through its infringement of the COOGI Trade Dress.

F.      Awarding COOGI its costs and reasonable attorneys' fees to the extent available under the Lanham Act or New York law and investigatory fees and expenses, together with prejudgment interest.

G.      Awarding COOGI exemplary and punitive damages to deter any future willful infringement as the Court finds appropriate.

H.      Awarding COOGI such other and further relief as the Court deems just and proper.

Dated: New York, New York
        September 8, 2025

                                        COX LAW FIRM LLC

                                        By: _____
                                            William H. Cox, Esq.
                                            Peter J. Vranum, Esq.
                                            43 West 43rd Street, Suite 137
                                            New York, NY 10036-7424
                                            Tel. No.: (973) 973-1797
                                            WCox@lawcox.com
                                            PVranum@lawcox.com

                                        LAW OFFICES OF H.W. BURNS

                                        By: _____
                                            Howard W. Burns, Jr., Esq.
                                            Carnegie Hall Towers – 37th Floor
                                            (Baritz & Colman)
                                            152 West 57th Street
                                            New York, New York 10019
                                            Tel. No.: (917) 885-5671
                                            Howard@HWBurnsLaw.com

                                        **Attorneys for Plaintiff COOGI Partners, LLC**

**VERIFICATION**

STATE OF NEW YORK      )
                       )  ss.:
COUNTY OF NEW YORK     )

       Bruce Weisfeld, being duly sworn, deposes and says:

       He is the President of COOGI Partners, LLC, the plaintiff in the above entitled action which is a limited liability company created under and by virtue of the laws of the State of New York; that he has read the foregoing Verified First Amended Complaint and knows the contents thereof; that the same is true to his knowledge, except as to the matters therein stated to be alleged upon information and belief, and that as to those matters he believes them to be true.

Bruce Weisfeld

Sworn to before me this
11th day of September, 2025.

Notary Public

ANDREW J LIEBOWITZ
Notary Public - State of New York
NO. 01LI6433897
Qualified in Westchester County
My Commission Expires May 31, 2026

22