UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| COOGI PARTNERS, LLC,<br><br>Plaintiff,<br><br>-against-<br><br>PHARRELL WILLIAMS,<br>LOUIS VUITTON MALLETIER and<br>LOUIS VUITTON USA INC<br>Defendants. | Case No. 1:25cv03837-KPF |

**STIPULATED PROTECTIVE ORDER REGARDING CONFIDENTIAL AND ATTORNEYS' EYES ONLY MATERIAL**

IT IS HEREBY STIPULATED AND AGREED, by and between the undersigned parties to this litigation through their respective counsel, that in connection with this action, any documents or information designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" shall be subject to the following procedures:

**Definitions**

1. "Document" shall mean any hard-copy document, tangible item, photograph, or video, as well as any electronically stored information.

2. (A) "Confidential Material" shall mean any discovery materials that reflect or contain: (i) proprietary business information or competitively sensitive information, including but not limited to financial, business, or marketing plans; projections, strategies or analyses; confidential commercial or regulatory materials; or other non-public information the disclosure of which would, in the good faith judgment of the Designating Party, be detrimental to the conduct of that party's business or the business of any of that party's customers or clients; or (ii) personal identifying or account information pursuant to Federal Rule of Civil Procedure 5.2(a). (B)

"Attorneys' Eyes Only Material" shall mean Confidential Material that the Designating Party reasonably and in good faith believes contains highly sensitive, non-public business or commercial information whose disclosure to another party or its officers, directors, or employees would create a substantial risk of competitive or commercial harm that could not reasonably be avoided by a less restrictive designation, including non-public product design or development information; technical or manufacturing information; information concerning products not yet publicly released; non-public sales, margin, pricing, cost, or profitability information at a product or similarly granular level; strategic plans; or confidential commercial agreements or negotiations. Confidential Material and Attorneys' Eyes Only Material are referred to collectively as "Protected Material."

3. "Producing Party" shall mean any party or non-party that produces discovery material in this litigation.

4. "Designating Party" shall mean any party or non-party that designates discovery material as Protected Material pursuant to this Protective Order.

5. The term "Receiving Party" shall mean the party to whom Protected Material is produced.

**Scope and Duration**

6. The protections conferred by this Protective Order cover not only Protected Material (as defined above), but also any information copied or extracted therefrom, as well as all copies, excerpts, abstracts, summaries, or compilations thereof, plus testimony, conversations, or presentations by parties or counsel that might reveal Protected Material.

**Designating Protected Material**

7. The Producing Party may designate as Confidential Material or Attorneys' Eyes Only Material any discovery material (or copies thereof) that qualifies for the applicable protection under this Protective Order and meets the applicable definition above.

8. All or any part of a Document that is disclosed or produced by a party or non-party in this litigation, whether pursuant to the Federal Rules of Civil Procedure or an informal disclosure, may be designated as Protected Material by the Designating Party at or before production by marking each page or electronic file to which the designation applies "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY," as applicable. In the case of any Document produced in native or other format such that marking the document itself would be impracticable or impossible (e.g., spreadsheets, video files, and audio files), the Designating Party may identify the applicable designation in the production transmittal or by another reasonable written means.

9. A party may designate the testimony of any person in this litigation, or any portion thereof, and any exhibit or portion thereof, as Confidential Material or Attorneys' Eyes Only Material by advising the reporter and all parties present of the designation at the time the testimony is given, or by serving written notice of the designation within fourteen (14) days after a certified copy of the transcript from the court reporter is delivered to the Designating Party. Written notice shall be in the form of a letter or email to all parties stating the exhibit or page and line numbers that have been designated and the applicable level of protection. Prior to expiration of the foregoing fourteen (14) day period, the transcript and exhibits shall be treated as Attorneys' Eyes Only Material. If no confidentiality designation is made within fourteen (14) days after receipt of a certified copy of the transcript, the transcript and exhibits will be deemed not to contain Protected Material. If testimony or any exhibit is designated as Protected Material and is later filed with the Court, the filing shall be governed by paragraphs 17 and 18 below.

10. A Designating Party may designate any other information not covered by Paragraphs 7-9 above as Confidential Material or Attorneys' Eyes Only Material by stating the applicable designation at the time the information is produced and by subsequently confirming that designation by letter or email to all parties within fourteen (14) days of the production.

11. Notwithstanding the provisions of this Protective Order, the Producing Party may redact portions of documents that contain personal identifying or account information that is not responsive to any discovery request.

12. In designating any Document, testimony, or other information as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY," the Designating Party will make the designation only as to material that it reasonably and in good faith believes qualifies for the applicable level of protection under this Protective Order, the Federal Rules of Civil Procedure, federal law, or state law. Attorneys' Eyes Only designations shall be limited to material meeting the heightened standard set forth in paragraph 2 above.

**Use of Protected Material**

13. All Documents, testimony, or information designated by a party or non-party as Protected Material in the course of this litigation shall be used solely for the purpose of this litigation and in accordance with the provisions of this Stipulated Protective Order, and shall not be used in any other legal proceeding or for any business, competitive, commercial, or other purpose.

14. This Order does not bind the Court or its staff. Other than Court personnel (including certified court reporters), commercial photocopying firms, and persons retained for computerized litigation support, access to Confidential Material shall be limited to:

a. A named party and its members, officers, directors, and employees whose access is reasonably necessary to assist in the prosecution or defense of this litigation;

b. Counsel of record for the parties in this litigation and partners, shareholders, associates, and employees of said counsel;

c. Experts and consultants employed, retained, or otherwise consulted by counsel or a party for the purpose of analyzing data, conducting studies, assisting with discovery or trial preparation, or providing opinions;

d. Any other person designated by written agreement of the parties or by order of this Court, after notice to all parties;

e. Any mediator or settlement officer engaged by the parties, and personnel supporting such mediator or settlement officer;

f. Any witness or potential witness, but only to the extent permitted by paragraph 15(e) below.

15. Disclosure permitted under paragraph 14 shall be subject to the following procedures:

a. Confidential Material shall not be disclosed to any person identified in paragraph 14(a) or (b) above unless the person has been informed of the terms of this Stipulated Protective Order and has agreed to comply with them.

b. Confidential Material shall not be disclosed to any person identified in paragraph 14(c), (d), or (f) above unless the person has been informed of the terms of this Stipulated Protective Order and has signed a copy of the Acknowledgment and Agreement to Be Bound, which is attached hereto as Exhibit A. A mediator or settlement officer identified in paragraph 14(e) may receive Confidential Material without executing Exhibit A if subject to professional, contractual, or court-imposed confidentiality obligations.

c. Undersigned counsel for the party disclosing Protected Material shall be responsible for assuring compliance with this provision and for maintaining copies of all Agreements signed by persons receiving Protected Material under this paragraph.

d. All certifications signed pursuant to this paragraph shall be available for inspection upon the request of any party where reasonably necessary to determine whether this Stipulated Protective Order has been violated. A request under this subparagraph may not be used to expand the scope or otherwise alter the process of discovery under the Federal Rules of Civil Procedure.

e. Protected Material may be disclosed to a witness during a deposition, hearing, or trial where counsel reasonably and in good faith believes the disclosure is necessary for examination of that witness. Confidential Material may be shown to a witness who is not otherwise authorized to receive it if the witness executes Exhibit A or if the material was authored by, received by, or previously known to the witness. Attorneys' Eyes Only Material may be shown to a witness who is not otherwise authorized to receive it only if the material was authored by, received by, or previously known to the witness, or with the Designating Party's written consent or by order of the Court. A witness who is not otherwise authorized to receive the material shall not retain a copy of the Protected Material.

f. Except as permitted by paragraph 15(e), Attorneys' Eyes Only Material may be disclosed only to outside counsel of record and their supporting personnel; in-house counsel for the parties and their supporting legal personnel whose access is reasonably necessary for this litigation; independent experts and consultants

identified in paragraph 14(c) who are not officers, directors, or employees of any party and who are not involved in competitive decision-making for any party; persons identified in paragraph 14(d) or (e); Court personnel; certified court reporters; and commercial photocopying, e-discovery, or other litigation-support vendors whose access is reasonably necessary for this litigation. Attorneys' Eyes Only Material shall not be disclosed to a named party or its officers, directors, or employees solely by virtue of paragraph 14(a).

16. In addition to disclosure to, and use by, Counsel of record for the parties in this litigation and partners, shareholders, associates, and employees of said counsel, Attorneys' Eyes Only Material may be disclosed to two (2) designees of Plaintiff (who shall be Norman Weisfeld and Bruce Weisfeld) and two designees of Defendants, where such disclosure is reasonably and in good faith believed by counsel of record to be necessary in the prosecution and defense of this matter.

17. The designation of material as Protected Material does not, by itself, authorize filing that material under seal or establish that sealing or redaction is warranted. Any party seeking to file Protected Material under seal or with redactions must comply with Federal Rule of Civil Procedure 5.2, the Local Rules for the Southern District of New York, Judge Failla's Individual Rule 9 regarding Electronic Filing Under Seal in Civil and Miscellaneous Cases, and governing law. Any request to seal or redact must be narrowly tailored to the interest asserted, and nothing in this Order alters the presumption of public access to judicial documents.

18. If a filing party intends to file material designated as Protected Material by another party or non-party, the filing party shall provide the Designating Party reasonable advance notice, where practicable, so that the Designating Party may identify the particular information for which sealing

or redaction is sought and provide the factual and legal basis for such treatment. The filing party shall then proceed in accordance with Judge Failla's Individual Rule 9 and any other applicable rules or orders. If the Court denies a request to seal or redact Protected Material, the material may be filed publicly as directed by the Court without violating this Protective Order. Deposition transcripts and exhibits containing Protected Material are subject to the same procedures.

**Challenging Confidentiality Designations**

19. A Receiving Party wishing to challenge a Designating Party's confidentiality designation shall first raise the objection in writing to the Designating Party and explain why it believes the designation is improper. The Designating Party shall have five (5) days to review the designated material and provide a written response, either re-designating the material or explaining the basis for the chosen designation.

20. If the parties cannot resolve the dispute, the objecting party may seek appropriate relief from this Court pursuant to the Court's individual practice rules, and the party asserting confidentiality shall have the burden of establishing that the challenged designation is proper. Until the Court rules on the challenge, all parties shall continue to afford the material in question the protections of the challenged designation.

**Effect and Enforcement of this Stipulated Protective Order**

21. Nothing in this Order shall be construed in any way as a finding that any Protected Material does or does not constitute or contain confidential information protected by law or the rules governing this litigation.

22. Nothing in this Order shall bar or otherwise restrict any attorney herein from rendering advice with respect to this litigation and, in the course thereof, referring to or relying upon the

attorney's examination of Protected Material, provided that the attorney does not disclose Protected Material to a person who is not authorized to receive it under this Order.

23. The inadvertent failure to designate material as Protected Material at the time of production shall not, standing alone, waive a claim of confidentiality. Upon discovery of such a failure, the Designating Party may correct the designation by prompt written notice. The Receiving Party shall thereafter treat the material in accordance with the corrected designation and shall make reasonable efforts to retrieve any copies disclosed to persons who are not authorized to receive the material under the corrected designation.

24. Nothing in this Order requires the production of information protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege or immunity. Pursuant to Federal Rule of Evidence 502(d), the production or disclosure of such information, whether inadvertent or otherwise, shall not constitute a waiver of any privilege or protection in this action or in any other federal or state proceeding. Upon notice by the Producing Party, the Receiving Party shall promptly return, sequester, or destroy the identified material and any copies and shall not use or disclose it until the claim is resolved, consistent with Federal Rule of Civil Procedure 26(b)(5)(B). The Receiving Party may present the material to the Court, in accordance with applicable sealing procedures, for the sole purpose of obtaining a determination of the claim of privilege or protection.

25. Within sixty (60) days after the final disposition of this litigation, including the expiration of any appeals, or its resolution by settlement, or within such other time as the parties may agree in writing, a Receiving Party shall return or destroy all Protected Material in its possession, custody, or control and shall certify in writing to the Producing Party that it has done so. Notwithstanding the foregoing, outside counsel of record may retain archival copies of pleadings,

transcripts, correspondence, motion papers, legal memoranda, written discovery requests and responses and their exhibits, deposition transcripts and exhibits, trial or hearing exhibits, and attorney work product that contain or reflect Protected Material. Outside counsel also need not delete Protected Material that resides on electronic backup or disaster-recovery systems that are not reasonably accessible and are overwritten in the ordinary course of business. Any retained Protected Material shall remain subject to this Order.

26. If a Receiving Party learns that Protected Material has been disclosed to any person or in any circumstance not authorized by this Order, the Receiving Party shall promptly notify the Designating Party in writing of the unauthorized disclosure, use reasonable efforts to retrieve all copies of the Protected Material, inform the person or persons to whom the unauthorized disclosure was made of the terms of this Order, and request that any such person execute Exhibit A. Nothing in this paragraph limits any remedy otherwise available for a violation of this Order.

27. If a Receiving Party is served with a subpoena, court order, or other compulsory process that would require disclosure of Protected Material produced by another party or non-party, the Receiving Party shall, unless prohibited by law, promptly provide written notice and a copy of the subpoena, order, or process to the Designating Party.

28. Nothing in this Order restricts the use or disclosure of information that the Receiving Party can demonstrate: (a) became public knowledge through no violation of this Order; (b) was lawfully known to or possessed by the Receiving Party without confidentiality restriction before its production in this action; or (c) was lawfully obtained from a third party having the right to disclose it without restriction.

29. A non-party producing discovery material in this action may designate material as Protected Material under this Order. By making such a designation, the non-party agrees to be

bound by the applicable provisions of this Order with respect to the designated material and submits to the jurisdiction of this Court for purposes of enforcing those provisions. A non-party's use of this Order does not entitle the non-party to receive Protected Material produced by any party or other non-party.

30. Nothing in this Order prejudices any party's right to seek modification of, or relief from, any provision of this Order. The parties may, by written agreement, waive or modify the restrictions of this Order as to particular material, subject to Court approval where required.

31. The provisions of this Stipulated Protective Order are binding upon all members, partners, associates, owners and employees of the law firms for which the below individuals execute this Stipulated Protective Order, and the agreements embodied herein shall survive the termination of this action and continue in full force and effect.

32. The undersigned counsel represent that they have authority to enter into this Stipulated Protective Order and to so bind their clients. Any notice under or related to this Stipulated Protective Order shall be delivered to undersigned counsel and any additional counsel identified herein.

33. This Stipulated Protective Order may be executed in counterparts.

34. The terms of this Stipulated Protective Order shall survive any final disposition of this action. The Court will retain jurisdiction to enforce this Order only for the pendency of this litigation.

| | |
|---|---|
| ***s/Ira S Sacks*** | **/s/ Vivek Jayaram** |
| Ira S. Sacks | Vivek Jayaram |

| | |
|---|---|
| **LAW OFFICE OF IRA S SACKS, LLP**<br>49 Winding Ridge Road<br>White Plains, NY 10603<br>(917) 767-7147<br>irasacksllp@gmail.com<br>***Counsel for Plaintiff COOGI Partners, LLC*** | Palak V. Patel (pro hac vice)<br>**Jayaram PLLC**<br>54 West 21st Street, Suite 801<br>New York, New York 10010<br>312-736-1226<br>vivek@jayaramlaw.com<br>palak@jayaramlaw.com<br>***Counsel for Defendants*** |

This confidentiality agreement does not bind the Court or any of its personnel. The Court can modify this stipulation at any time. The Court will retain jurisdiction over the terms and conditions of this agreement only for the pendency of this litigation. Any party wishing to make redacted or sealed submissions shall comply with Rule 9 of this Court's Individual Rules of Civil Procedure.

Dated: November 13, 2026
New York, New York

SO ORDERED.

Katherine Polk Failla

HON. KATHERINE POLK FAILLA
UNITED STATES DISTRICT JUDGE

**EXHIBIT A**
**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

I, ________________________________, have read the Stipulated Protective Order Regarding Confidential and Attorneys' Eyes Only Material (the "Order") entered in *COOGI Partners, LLC v. Pharrell Williams, et al.*, Case No. 1:25-cv-03837-KPF, in the United States District Court for the Southern District of New York. I understand the terms of the Order and agree to be bound by them.

I will use any material designated "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" that is furnished to me solely for purposes of this litigation and will not disclose such material except as permitted by the Order. At the conclusion of my involvement in this litigation, I will return or destroy all Protected Material furnished to me, as required by the Order.

I hereby consent to the jurisdiction of the United States District Court for the Southern District of New York for purposes of enforcing the Order and this Acknowledgment and Agreement to Be Bound, even if such enforcement proceedings occur after termination of this action.

Printed Name: ________________________________
Signature: ____________________________________
Date: _________________________________________